OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS


December 8, 1999

The Honorable Joe Warner Bell
Trinity County Attorney
P.O. Box 979
Groveton, Texas 75845

Opinion No. JC-0148

Re: Whether a deputy constable is required to reside in the precinct for which he was appointed (RQ-0091-JC)

Dear Mr. Bell:

You have requested our opinion as to whether a deputy constable is required to reside in the precinct for which he was appointed. We conclude that no statute or constitutional provision compels a deputy constable to reside within the jurisdiction he serves.

The Election Code establishes a residency requirement for those who hold elective offices, *see* TEX. ELEC. CODE ANN. § 141.001(a)(5) (Vernon 1986), but it does not impose a residency qualification for any position *other* than an *elective* office. Tex. Att'y Gen. Op. No. M-308 (1968) at 4. No statute requires a deputy constable to reside within his precinct.

Article XVI, section 14, of the Texas Constitution, provides:

> All civil officers shall reside within the State; and all district or county officers within their districts or counties, and shall keep their offices at such places as may be required by law; and failure to comply with this condition shall vacate the office so held.

A deputy constable is a peace officer. TEX. CODE CRIM. PROC. ANN. art. 2.12(2) (Vernon Supp. 1999). Since 1993, this office has said that a peace officer does not as a matter of law hold a civil office of emolument for purposes of article XVI, section 40, of the Texas Constitution. Tex. Att'y Gen. Op. No. DM-212 (1993) at 6. Furthermore, under ordinary circumstances, a peace officer such as a deputy constable performs his duties under the direction and control of others and hence, does not hold an office. Tex. Att'y Gen. LO-95-048, at 1-2; LO-93-027, at 1. We believe it is reasonable to conclude that the term "civil office" for purposes of article XVI, section 14, should be construed in a manner similar to that of article XVI, section 40, and that, as a result, the residency requirement of article XVI, section 14, does not apply to a deputy constable.

In *Powell v. State*, 898 S.W.2d 821 (Tex. Crim. App. 1994), the defendant argued that an assistant district attorney who was appointed as a special prosecutor should have been disqualified

because, *inter alia*, he did not reside within the county or district in which he prosecuted the case. The court held:

> An assistant district attorney acts subject to the control and supervision of the district attorney. In our view, an assistant district attorney is not a public officer, but rather a public employee. Therefore, the constitutional provisions cited by appellant are inapplicable to the facts of the case.

*Id.* at 824. In our opinion, a deputy constable likewise "acts subject to the control and supervision of the" constable, and "is not a public officer, but rather a public employee." Consequently, article XVI, section 14, does not impose a residency qualification on an individual who holds the position of deputy constable. We conclude that a deputy constable is not required to reside in the precinct for which he was appointed.

## S U M M A R Y

A deputy constable is not required to reside in the precinct for which he was appointed.

Yours very truly,

JOHN CORNYN
Attorney General of Texas


ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General - Opinion Committee